IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STACY BANKHEAD, HUNTER KINZER,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ALETHA SUTTON, et al.,<br><br>          Defendants. | CIVIL NO. 20-00160 JAO-KJM<br><br>ORDER (1) DENYING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT |

**ORDER (1) DENYING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT**

Before the Court is Plaintiffs Stacy Bankhead and Hunter Kinzer's (collectively, "Plaintiffs") renewed Application to Proceed In Forma Pauperis ("IFP Application"), filed April 16, 2020. For the reasons set forth below, the Court DISMISSES the Complaint and DENIES the IFP Application.

BACKGROUND

This action arises from the alleged imminent removal of Plaintiff Hunter Kinzer from Telos U, a Utah residential facility where he has been placed pursuant to an Individualized Education Plan ("IEP") created by the Hawaii State Department of Education, and the alleged threats of Telos U's lawyer to remove Plaintiff Kinzer from its facility in the midst of the ongoing COVID-19 pandemic

if Plaintiff Kinzer's mother, Plaintiff Stacy Bankhead, does not sign certain documents.

## DISCUSSION

A.    <u>Denial of the IFP Application</u>

A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

The Court previously denied Plaintiffs' initial IFP Application for failure to specify the amount of gross and take-home pay or wages per specific period; for identifying child support as a source of income but failing to provide the amount received or the amount expected to receive in the future; and for listing a home located at 53-694 Kamehameha Hwy, Hauula, Hawai'i 96717, but not providing the value of that property. *See* ECF No. 13.

2

Plaintiffs' renewed IFP Application addresses some of these deficiencies, indicating that although Plaintiff Bankhead's hourly wage is $49.06, she is currently unable to work due to a workplace injury and her 2019 W-2 from her employer shows $11.74 (presumably in wages, although Plaintiffs do not clarify). Plaintiffs also provide proof that Plaintiff Bankhead received $20,963 in child support payments in the last twelve months. However, Plaintiffs did not address the value of the home listed in their initial IFP Application. Nor did Plaintiffs dispute the Court's prior statement that, according to the City and County of Honolulu Real Property Assessment Division, this property is valued at $1,110,300. *See* http://www.honolulupropertytax.com (last visited Apr. 17, 2020). The Court therefore presumes that figure accurately represents the value of that property. While Plaintiffs indicate that Plaintiff Bankhead is not listed on the mortgage for this property, they concede that she is listed on the title and thus has an ownership or other interest in the property.

Moreover, the Court notes that Plaintiffs now contend Plaintiff Bankhead's parents fully purchased the mortgage despite previously representing to the Court in their initial IFP Application that their expenses included $4,000 in mortgage payments. *Compare* ECF No. 10, *with* ECF No. 15 (listing expenses, none of which are mortgage expenses, totaling $985). Nor is this the only inconsistency in Plaintiffs' IFP Applications that causes the Court to question the veracity of

3

Plaintiffs' representations.  In the initial IFP Application, Plaintiffs listed cash in a checking or savings account totaling $5,000; however, the renewed IFP Application—filed the same day—now indicates only $2,000 in a checking or savings account.  *Compare* ECF No. 10, *with* ECF No. 15.  In light of these discrepancies, and given Plaintiffs' stated assets as compared to total expenses and debts, the Court DENIES Plaintiffs' renewed IFP Application.

B.    Dismissal of the Complaint under 28 U.S.C. § 1915(e)(2)

A court may also deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).  When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the

court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)–(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'"  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (citing FRCP 8).  FRCP 8 does not demand detailed factual allegations.  However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Plaintiffs' Complaint alleges that Plaintiff Bankhead's son, Plaintiff Kinzer, has been enrolled at Telos U in Utah since September 2019 and was placed there through his IEP, but that an attorney for Telos U is threatening to remove her son from that placement and return him to Hawaiʻi if Plaintiff Bankhead does not sign

a legal document requiring her to assume financial responsibility for payment.

Even construing the Complaint liberally, *see Bernhardt v. Los Angeles County*, 339

F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir.

2003), the Court finds that dismissal is appropriate because it fails to state a claim

upon which relief can be granted.

Plaintiffs' case appears to be primarily brought under 42 U.S.C. § 1983.

Section 1983 states:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.  Substantive rights are not created by this provision; "rather it is

the vehicle by whereby plaintiffs can challenge actions by governmental officials."

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004) (citation and

quotations omitted).  "To state a claim under § 1983, a plaintiff must allege two

essential elements:  (1) that a right secured by the Constitution or laws of the

United States was violated, and (2) that the alleged violation was committed by a

person acting under the color of State law."  *Long v. County of Los Angeles*, 442

F.3d 1178, 1185 (9th Cir. 2006) (citation omitted).

Plaintiffs fail to allege these essential elements.  Among other things, they do not identify who (if any) of the numerous individuals listed as Defendants are state officials and how those individuals acted under color of state law to violate their rights.  More fundamentally, Plaintiffs do not allege how each of the nearly 40 Defendants listed was personally involved or causally connected to any deprivation or violation.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]").  At most Plaintiffs allege that an attorney for Telos U has threatened to revoke Plaintiff Kinzer's placement; however, it is unclear whether that attorney is a state actor.

Dismissal is similarly warranted to the extent Plaintiffs contend they are bringing a *Bivens* action, "the federal analog to an action against state or local officials under § 1983."  *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011).  In short, Plaintiffs fail to causally connect conduct on the part of each individual Defendant to a deprivation, or allege how each of these Defendants were acting under federal authority.

Plaintiffs list a number of additional federal statutes, such as the Administrative Procedure Act and the Rehabilitation Act, while potentially also referencing other causes of action such as "False Claims," none of which form the

7

basis of a § 1983 or *Bivens* claim.  In addition, Plaintiffs purport to list a number of claims next to certain Defendants, e.g., "Billy L. Walker – Ethics Violations, Fraud, Systemic Violation, Civil Rights, Failure to provide equal protection; Failure of oversight/enforcement; Gross Negligence; Collusion."  However, Plaintiffs fail to articulate adequate facts or law that support these claims or provide facts that correspond to each these claims, let alone do so with regard to each named Defendant.  And Plaintiffs do not specify how each of the named Defendants caused them harm.

In light of the Complaint's deficiencies and failure to state a claim upon which relief can be granted, it is hereby dismissed.  Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370.  Specifically, pro se plaintiffs proceeding in forma pauperis "must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks omitted)); *see Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (noting that if a complaint is dismissed for failure to state a claim, the court must "freely grant leave to amend"

8

if it is "at all possible" that the plaintiff could correct pleading deficiencies by alleging different or new facts).

Notwithstanding the foregoing deficiencies, the Court acknowledges that Plaintiffs are proceeding pro se and it is possible that the deficiencies could be cured by amendment.  Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiffs leave to amend their Complaint.  Any amended complaint—which should be titled "First Amended Complaint"—must be filed by **May 18, 2020** and must cure the deficiencies identified above.  Plaintiffs must organize the amended pleading by claim, and provide the applicable law and facts alleging the harm caused by each Defendant.  Plaintiffs must also comply with all rules governing pleadings, including but not limited to FRCP 8 and 10, which require a short and plain statement, the identification of all parties in the caption, and the presentation of "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).  Should Plaintiffs file an amended complaint, they must also pay the applicable filing fee by **May 18, 2020**.  Failure to timely file an amended pleading ***and*** pay the required filing fee will result in the automatic dismissal of this action.

//

//

//

9

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, April 17, 2020.



Jill A. Otake
United States District Judge

CV 20-00160 JAO-KJM; *Bankhead v. Sutton, et al.*; ORDER (1) DENYING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT